IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Case No. CIV-23-864-F |
| OGE ENERGY CORP., | ) ) ) |
| Defendant. | ) |

## **ORDER**

At the request of the parties and for good cause shown, the court extended the deadline to file dispositive and Daubert motions until September 1, 2024, and it set the case on the December 3, 2024 jury trial docket. Doc. no. 37. OGE and Wright timely filed dispositive motions.

Subsequently, at the request of the parties, the court granted a continuance of the trial date from the December 3, 2024 jury trial docket and *specially* set the case for jury trial on January 21, 2025. Doc. nos. 77 and 79.

On December 5, 2024, defendant OGE Energy Corporation filed a Motion for Partial Judgment on the Pleadings. Doc. no. 84. OGE sought a judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., as to plaintiff Debra Wright's request for compensatory and punitive damages with respect to her ADA retaliation claim.

After preliminary review of the motion, the court entered an order determining that "a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b)(4)[, Fed. R. Civ. P.,] and if it will not delay trial." Doc. no. 86. Because OGE had not made a showing of good cause in its motion, relying solely on the language of Rule 12(c), the court

granted OGE leave to file a motion for nunc pro tunc leave to file the 12(c) motion out of time, supported by a showing of good cause. *Id*.

OGE has filed a Motion for Nunc Pro Tunc Leave to File Motion for Partial Judgment on the Pleadings. Doc. no. 87. Plaintiff Debra Wright (Wright) has responded, opposing the relief. Doc. no. 90. Upon review, the court concludes that the motion should be denied.

The court does not find that OGE has willfully disregarded the court's scheduling order by filing the motion after the stated deadline. Nevertheless, the court concludes that the good cause requirement of Rule 16(b)(4) applies to OGE's Rule 12(c) motion and that OGE has not shown good cause for modifying the scheduling order.

OGE represents that the issue of whether a plaintiff can recover compensatory and punitive damages under an ADA retaliation claim was brought to the attention of OGE's counsel on November 12, 2024 from an order entered by a federal judge in an unrelated matter, <u>Christensen v. Triumph Aerostructures – Tulsa, LLC</u>, Case No. 18-cv-511-JFH-JFJ. According to that order, the federal judge called for briefing on the issue by November 14, 2024. Doc. no. 133 in Case No. 18-cv-511-JFH-JFJ. However, according to the court's docket, the case settled on November 13, 2024. *Id*. at doc. no. 139. A stipulation of dismissal was filed the next day on November 14, 2024. OGE states that it "incorporated its research" on the issue "in preparing the pretrial filings in this matter." Doc. no. 87, ECF p. 2. After the intervening holiday (Thanksgiving), it filed its Rule 12(c) motion on December 5, 2024.

The court concludes that OGE has not adequately explained why it waited 21 days after the unrelated matter was dismissed on November 14th to file the Rule 12(c) motion, particularly when pretrial filings for this matter were then due on

2

December 12, 2024.[1]  Even if the court were to find OGE's counsel were unaware of the issue until raised by the federal judge on November 12th, the court cannot conclude that OGE acted diligently by filing its motion on December 5, 2024.

Rule 12(c) could hardly be more clear:  Motions under that rule must be filed "early enough not to delay trial."  Rule 12(c), Fed. R. Civ. P.  In this case, the trial date was set at the special instance of the parties (see the request at doc. no. 75, p. 2).  The Rule 12(c) motion was not filed until December 5.  The normal briefing cycle would have had the motion at issue on January 2 (allowing for a response due on December 26–with no extensions of filing time–and a reply filed seven days thereafter).[2]  Then the court would have had to have adequate time to consider the motion and write an order, all in the midst of what promises to be an exceptionally heavy January trial docket.  It is far from certain that the filing of the motion would not have delayed the trial, even without the stay.

Nunc pro tunc leave to file the motion will be denied.  The matters raised by the motion can and will be addressed at the appropriate juncture during trial.

Accordingly, Defendant's Motion for Nunc Pro Tunc Leave to File Motion for Partial Judgment on the Pleadings (doc. no. 87) is **DENIED**.  Defendant's Motion for Partial Judgment on the Pleadings (doc. no. 84) is **STRICKEN**.

DATED this 23rd day of December, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0864p027.docx

---

[1] After the filing of the motion, the court *sua sponte* extended the deadline for pretrial filings until January 6, 2025.  Doc. no. 85.

[2] When the court noticed that the motion had been filed without permission, the court stayed the response deadline pending the further order of the court.  Doc. no. 86.