IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-23-864-F |
| OGE ENERGY CORP., | ) ) ) |
| Defendant. | ) |

**ORDER**

    Plaintiff Debra Wright (Wright) has moved for summary judgment, pursuant to Rule 56(a), Fed. R. Civ. P., as to certain defenses asserted by defendant OGE Energy Corporation (OGE). Doc. no. 48. OGE has responded, opposing the requested relief, and Wright has replied. Doc. nos. 68 and 78. Upon review of the parties' submissions, the court makes its determination.

*Standard of Review*

    Under Rule 56(a), Fed. R. Civ. P., "[a] party may move for summary judgment, identifying each . . . defense—or part of each . . . defense—on which summary judgment is sought." Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. In deciding whether summary judgment is appropriate, the court views the evidence in the light most favorable to OGE, the non-moving party, and draws all reasonable inferences from the evidence in its favor. <u>Aubrey v. Koppes</u>, 975 F.3d 995, 1000, 1004 (10th Cir. 2020).

*Background*

On July 25, 2022, OGE terminated Wright's employment. Wright held the position of an Accountant Associate in OGE's Financial Accounting department. Specifically, Wright was responsible for billing third parties other than OGE's electric customers. Prior to her termination, Wright underwent open heart surgery and was on medical leave from June 2021 until January of 2022.

After her termination, Wright filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which issued a right to sue letter on June 9, 2023.

On September 1, 2023, Wright filed an action in state court against OGE alleging claims of disability discrimination, failure-to-accommodate a disability, and retaliation. The claims were brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., and the Oklahoma Anti-Discrimination Act (OADA), 25 O.S. § 1101, *et seq*. OGE removed the action to this court based on federal question jurisdiction under 28 U.S.C. § 1331.

After removal, OGE filed an amended answer asserting the following as defenses:

- Wright's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Wright filed with the EEOC.
- Wright's complaint fails to state a proper claim for compensatory or punitive damages as all of OGE's challenged actions were the product of good faith efforts as defined in 42 U.S.C. § 1981a(a)(3).
- Wright is not entitled to recover compensatory or punitive damages because OGE at all times demonstrated good faith efforts to identify and make a reasonable accommodation within the meaning of 42 U.S.C. § 1981a(a)(3).

- OGE denies that Wright is entitled to any damages. To the extent that Wright is entitled to damages, however, those damages must be barred or reduced to the extent Wright has failed to mitigate her damages.

Doc. no. 10, ECF p. 5, ¶¶ 7, 9, 10, and 12 of "DEFENSES."

Wright contends that she is entitled to summary judgment on each of the asserted defenses because OGE cannot show (1) that she failed to exhaust any of her alleged claims before the EEOC; (2) that section 1981a(a)(3) applies to limit her damages given that OGE has specifically denied that Wright requested an accommodation for her disability; and (3) that a suitable position was available to Wright that she could have discovered and for which she was qualified (combined with a failure by Wright to use reasonable care and diligence in seeking such a position).

Failure to Exhaust

In its response, OGE represents that it has withdrawn the failure to exhaust defense asserted in paragraph 7 of its defenses. With that representation, the court deems OGE's amended answer amended under Rule 15(a), Fed. R. CIV. P., so as to drop the defense asserted in paragraph 7 of its defenses. The court therefore concludes that Wright's motion should be denied as moot with respect to the failure to exhaust defense asserted in paragraph 7 of its defenses.

Good Faith

Wright asserts that she is entitled to summary judgment with respect to OGE's defense that she cannot recover compensatory or punitive damages on the failure-to-accommodate claim. On this aspect of the case, OGE argues that (1) OGE's challenged actions were the product of good faith efforts as defined in 42 U.S.C. § 1981a(a)(3), and/or (2) the company demonstrated good faith efforts to identify

3

and make a reasonable accommodation within the meaning of § 1981a(a)(3).[1] Wright asserts that OGE cannot rely on the good faith defense because in discovery responses, it "has taken the position that [Wright] never requested accommodation." Doc. no. 48, ECF p. 8. As a consequence of OGE's denial that Wright requested an accommodation, Wright contends that OGE cannot show that its good faith efforts were made "in consultation with the person with the disability who has informed the covered entity that accommodation is needed." *Id*. (quoting § 1981a(a)(3)) (emphasis omitted). In addition, Wright contends OGE cannot rely on the good faith defense because it cannot show that providing an accommodation was an "undue hardship." According to Wright, OGE must assert "undue hardship" as an affirmative defense to rely on the good faith defense. *Id*.

OGE argues, in response, that its right to assert a good faith defense is not precluded by the fact that it also contends that Wright did not request an accommodation. The company maintains that it can argue inconsistent positions "up until the point that it has sold one to the court." Doc. no. 68, ECF p. 15 (quotation marks and citation omitted). OGE contends that the evidence shows that it acted in good faith because it met with Wright to determine whether she required an accommodation; it offered her part-time employment, which she declined; and it asked Wright to update it if anything changed medically and if she changed her mind on an accommodation. Also, OGE asserts that even though Wright declined the part-time employment, it gave her the accommodation she now claims she was

---

[1] Section 1981a(a)(3) provides in relevant part:

> In cases where a discriminatory practice involves the provision of a reasonable accommodation pursuant to section 102(b)(5) of the American with Disabilities Act of 1990 [42 U.S.C. § 12112(b)(5)][,] damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

denied. Specifically, other employees continued to perform the essential functions of her job, another employee was assigned to assist her, and Wright's direct supervisor provided her with additional training and coaching. Finally, OGE contends that hiring another employee to perform a portion of Wright's job duties would impose an undue hardship because of budgetary limitations. Doc. no. 68, at ECF p. 12.

Initially, the court declines to find that OGE is precluded from asserting the good faith defense because it has taken the position that Wright did not request an accommodation from it. The court concludes that OGE may pursue alternative theories in light of the facts it posits to be true and the facts Wright posits to be true. In addition, as to the facts Wright posits to be true—that she informed OGE that an accommodation was needed—the court concludes that OGE has proffered evidence sufficient to raise a genuine issue of material fact to avoid summary judgment on the good faith defense. The court also rejects Wright's contention that OGE cannot demonstrate "undue hardship" because it never asserted "undue hardship" as an affirmative defense. Wright has not cited authority for the proposition that an employer must assert an "undue hardship" affirmative defense before relying on the good faith defense under § 1981a(a)(3) with respect to damages. The court finds that it is sufficient that OGE specifically relied upon § 1981a(a)(3) for its good faith defense. The court therefore concludes that Wright's motion should be denied as to the good faith defense asserted in paragraphs 9 and 10 of its defenses.

Failure to Mitigate

Next, Wright contends that she is entitled to summary judgment with respect to OGE's defense that she is not entitled to damages to the extent she failed to mitigate those damages. Wright argues that OGE has failed to proffer, during discovery, evidence (i) of suitable positions, which Wright could have discovered and for which she was qualified, and (ii) that Wright failed to use reasonable care

5

and diligence in seeking such a position. Wright also argues that OGE's lack of evidence regarding available suitable positions renders any of her mitigation efforts irrelevant.

In response, OGE counters that Wright is not entitled to summary judgment because an employer may succeed on a mitigation defense when it demonstrates that the employee withdrew from the job market. OGE argues that there is a factual dispute as to when Wright abandoned her job search. OGE also contends that the record evidence shows that Wright never engaged in a reasonable and diligent job search after her termination. OGE argues that the OK JobMatch website Wright relies on for her mitigation efforts proves nothing and that Oklahoma was a "job seeker's market" between July 2022 through the end of 2022. Doc. no. 68, ECF p. 19-20 (quoting doc. no. 68-8, ECF p. 14, l. 13). Lastly, OGE points out that Wright did not go back to the temporary staffing agency that originally placed her with OGE, and it argues that there is little doubt that Aerotek could have placed Wright in a suitable position.

"Employees claiming entitlement to backpay and benefits are required to make reasonable efforts to mitigate damages." Aguinaga v. United Food and Commercial Workers Intern. Union, 993 F.2d 1463, 1474 (10th Cir. 1993). The burden, however, is on the employer to show that the employee did not exercise reasonable diligence in mitigating her damages. Id. To satisfy its burden, the employer must establish that (1) there were suitable positions which the employee could have discovered and for which she was qualified, and (2) the employee failed to use reasonable diligence in seeking such positions. Id. Both prongs of the test must be satisfied. Id. If the employer fails its burden of proof as to the first prong, evidence that supports the second prong is simply irrelevant. Id.

Upon review, the court concludes that Wright is not entitled to summary judgment on the failure to mitigate defense. In the context of the facts of this case,

there is an interrelationship between issue of the availability of suitable positions, on one hand, and the issue of whether the employee used reasonable diligence in seeking such a position, on the other hand. (The court is referring here to a factual interrelationship, not a legal interrelationship.) The court discerns from the evidence in this record that Wright's basic skill set, as a staff accountant, was adaptable enough that she would have been well-suited for employment in any number of public or private employment settings.[2] And those employment settings would have been in the central Oklahoma job market, which employs staff accountants in droves in a variety of businesses, industries, professions and non-profit organizations. If the jury were to reach the same conclusion that the court does on that score, then the stringency with which the jury would evaluate whether the employer has carried its burden of showing a failure to use reasonable diligence would be correspondingly diminished. The net effect of the factual interrelationship between those two issues is that the court is not going to take away from the jury the task of judging the availability of suitable positions and, relatedly, the reasonableness of Wright's efforts to get one of those jobs.

*Conclusion*

Based on the foregoing, Plaintiff's Motion for Summary Judgment (doc. no. 48) is **DENIED as MOOT in part**, and **DENIED in part** on the merits.

DATED this 26th day of December, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0864p025.docx

---

[2] The record shows that, even within the scope of her employment at OGE, Wright's job duties were not just in one repetitive groove.